IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

CARLA J. PARISH NICKLAW                                         PLAINTIFF

v.                      CIVIL NO. 16-3025

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration[1]        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Robin L. Strawhacker, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability and disability insurance benefits ("DIB") under the provisions of Title II of the Social Security Act ("Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her application for DIB on November 6, 2013. (ECF No. 9, p. 17). In her application, Plaintiff alleges disability due to degenerative spondylosis, degenerative disc disease of the thoracic and lumbar spines, attention-deficit/hyperactivity disorder ("ADHD"), mild depression, obesity, scoliosis, and changes in height. (ECF No. 9, p.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

210). Plaintiff alleges an amended onset date of May 21, 2011. (ECF No. 9, pp. 56, 206). These applications were denied initially. (ECF No. 9, pp. 17, 80-90).

Thereafter, Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (ECF No. 9, pp. 122-38). Plaintiff's administrative hearing was held on August 11, 2015, in Syracuse, New York (ECF No. 9, pp. 52-79). Plaintiff appeared via teleconference and was represented by Peter Walton. Id. Plaintiff testified at this hearing. Id. At the time of this hearing, Plaintiff was thirty-three (33) years old, which is defined as a "younger person" under 20 C.F.R. §§ 404.1563(c). As for her level of education, Plaintiff completed the tenth grade and later earned her GED. (ECF No. 9, p. 58).

After this hearing, on October 9, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (ECF No. 9, pp. 14-32). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act through September 30, 2016. (ECF No. 9, p. 19, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 21, 2011, Plaintiff's amended alleged onset date. (ECF No. 9, p. 19, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, degenerative disc disease of the thoracic spine, and fibromyalgia. (ECF No. 9, pp. 19-21, Finding 3). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 9, p. 22, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 9, pp. 22-25, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. Id. Second, the ALJ determined Plaintiff

retained the RFC to perform "light work as defined in 20 C.F.R. §404.1567(b) except she can only perform postural activities occasionally" Id. The ALJ then determined Plaintiff was able to perform her Past Relevant Work ("PRW") as a gambling broker. (ECF No. 9, pp. 25-26, Finding 6). The ALJ therefore determined Plaintiff had not been under a disability, as defined by the Act, from May 21, 2011, Plaintiff's alleged onset date, through October 9, 2015, the date of the ALJ's decision. (ECF No. 9, p. 26, Finding 7).

Thereafter, on November 24, 2015, Plaintiff requested a review by the Appeals Council (ECF. No. 9, pp. 11-13). The Appeals Council denied this request on January 29, 2016. (ECF No. 9, pp. 5-10). On March 2, 2016, Plaintiff filed the present appeal with this Court. (ECF No. 1). The parties consented to the jurisdiction of this Court on March 3, 2016. (ECF No. 5). This case is now ready for decision.

## II. Applicable Law:

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. Teague v. Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. Miller v. Colvin, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the

3

record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. Id.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); See also 42 U.S.C. §§ 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3). A Plaintiff must show that her disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520(a)(4). Only if she reaches the final stage does the fact finder consider Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520(a)(4)(v).

**III. Discussion:**

Plaintiff raises two issues on appeal: 1) the ALJ erred in failing to find Plaintiff's mental impairments of depression, bipolar disorder, and adjustment disorder severe, and; 2) the ALJ erred in failing to obtain the testimony of a VE. (ECF No. 10).

**A.     Severe Impairments**

At Step Two, a claimant has the burden of providing evidence of functional limitations in support of their contention of disability. Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." Id. (citing Bowen v. Yuckert, 482 U.S. 137, 153 (1987); 20 C.F.R. §§ 404.1521(a)). "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." Id. (citing Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007)).

The ALJ did not commit reversible error by determining Plaintiff's alleged mental impairments were non-severe. The ALJ determined Plaintiff's alleged mental impairments were medically determinable. (ECF No. 9, p. 20). First, he noted that Plaintiff suffered no limitation of her activities of daily living due to her medically determinable mental impairments. (ECF No. 9, pp. 20-21). The ALJ determined Plaintiff could provide for her own personal care, care for children, prepare meals, perform household chores such as doing the laundry, sweeping and vacuuming floors, and washing the dishes, that she could drive, go out alone, shop in stores, enjoyed watching television, and was able to manage her finances and schedule and attend her own appointments. (ECF No. 9, pp. 20-21). Next, the ALJ found Plaintiff had no limitation in the area of social functioning. (ECF No. 9, p. 21). The ALJ

5

determined Plaintiff had never lost a job because she was unable to get along with people, that she got along with authority figures such as her bosses, teachers, police, and landlords, and that she had no difficulty getting along with friends, family, neighbors, and others. Id. The ALJ also cited the psychiatric examination conducted by Dr. Noia, who noted Plaintiff was cooperative, that "her manner of relating, social skills, and overall presentation was adequate," and that she maintained good eye contact and spoke intelligibly and fluently (ECF No. 9, p. 346-47). The ALJ determined Plaintiff had only a mild limitation in the area of concentration, persistence, or pace. (ECF No. 9, p. 21). The ALJ gave some credit to Plaintiff's testimony that she had difficulty paying attention and finishing what she starts, but he noted that her activities of daily living and Dr. Noia's consultative examination of Plaintiff showed a lesser degree of limitation than alleged. Id.

Substantial evidence supports the ALJ's determination that Plaintiff's medically determinable mental impairments would not significantly limit her mental ability to do basic work activities. First, the ALJ gave Dr. Noia's opinion great weight. (ECF No. 9, p. 24). Dr. Noia opined as follows:

> Vocationally, [Plaintiff] appears to have no limitations in understanding and following simple instructions and directions. She appears to have no limitations performing simple tasks. She appears to have no limitations performing complex tasks. She appears to have no limitation performing complex tasks. She appears to have no limitations maintaining attention and concentration for tasks. She appears to have no limitations regarding her ability to attend to a routine and maintain a schedule. She appears to have no limitations regarding her ability to learn new tasks. She appears to have no limitations regarding her ability to make appropriate decisions. She appears to be able to relate to and interact well with others. There appear to be mild limitations regarding her ability to deal with stress.

(ECF No. 9, pp. 347-48). The ALJ also determined Dr. Noia's opinion was consistent with the treatment evidence in the record, which consisted of therapy sessions and use of the medication

Trazodone. (ECF No. 9, p. 24); see Johnston v. Apfel, 210 F.3d 870, 875 (8th Cir. 2000) (Alleged impairments may not be considered severe when they are stabilized by treatment and otherwise are generally unsupported by the medical record). Although Plaintiff argues Dr. Littel's opinion supports her contention that her medically determinable mental impairments were severe, the ALJ properly discounted Dr. Littel's opinion. (ECF No. 9, pp. 24-25, 621-23). Dr. Littel acknowledged in his Medical Source Statement that it was based on Plaintiff's own subjective reports. (ECF No. 9, pp. 621-23). The ALJ also determined the report was inconsistent with other evidence in the record, such as Plaintiff's assigned GAF of seventy (70), and Plaintiff's own statements regarding her ability to engage in activities of daily living. (ECF No. 9, pp. 24-25, 621-23). These inconsistencies alone were enough to give Dr. Littel's opinion very little weight. See Goff v. Barnhart, 421 F.3d 785, 790-91 (8th Cir. 2005) ("an appropriate finding of inconsistency with other evidence alone is sufficient to discount the opinion").

Plaintiff has not met her burden of providing evidence of functional limitations in support of her contention that her medically determinable mental impairments had more than a minimal effect on her ability to do work. Based on the foregoing, this Court finds substantial evidence supports the ALJ's determination that Plaintiff's medically determinable mental impairments were not severe impairments within the meaning of the Act.

### B.     VE Testimony

Plaintiff's argument, that the ALJ was required to acquire the testimony of a VE, is without merit. The ALJ determined Plaintiff could perform her PRW as a gambling broker as it was actually performed. (ECF No. 9, p. 25). At step four of the sequential evaluation process, the ALJ will reach a decision of not disabled when a claimant retains the RFC to perform the

actual demands and job duties of her PRW. Wagner v. Astrue, 499 F.3d 842, 853-54 (8th Cir. 2007) (quoting Social Security Ruling 82-61). The ALJ may acquire the testimony of a VE to evaluate an individual's capacity to perform PRW. 20 C.F.R. § 404.1560(b)(2) ("We *may* use the services of vocational experts or vocational specialists . . . to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity") (emphasis added). "Vocational expert testimony is not required at step four where the claimant retains the burden of proving she cannot perform her prior work." Lewis v. Barnhart, 353 F.3d 642, 648 (8th Cir. 2003). Accordingly, this Court finds that the ALJ did not commit error when he decided not to acquire the services of a VE to assist the ALJ in determining Plaintiff could perform her PRW as it was actually performed.

### IV. Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that the Plaintiff's Complaint should be, and is hereby dismissed with prejudice.

IT IS SO ORDERED this 8th day of September, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE